**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| MARY ANDERSON-CHICO<br>2209 Faunce Street<br>Philadelphia, PA 19152 | CIVIL ACTION NO. _____ |
| v. | **JURY TRIAL DEMANDED** |
| CERIDA INVESTMENT CORP.<br>2325 Maryland Road, Suite 210<br>Willow Grove, PA 19090 |  |
| and |  |
| ANSWERNET INC.,<br>2325 Maryland Road, Suite 210<br>Willow Grove, PA 19090 |  |
| Defendants. |  |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Mary Anderson-Chico ("Plaintiff"), by and through her undersigned attorney, alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Complaint contending that Defendants Cerida Investment Corp. ("Cerida") and/or AnswerNet, Inc. ("AnswerNet") (collectively, "Defendants") have unlawfully failed to pay her and other similarly-situated individuals employed in the positions of "Agent," "Caseworker," and/or "Supervisor," ("Class Plaintiffs" or "the Class") overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2.      Plaintiff was an employee of Defendants who was employed in the positions of Agent, Caseworker, and Supervisor.  During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid for all compensable time worked each workday, were not paid at all for hours worked beyond forty (40) hours per workweek, and were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends Defendants required her and Class Plaintiffs to work through unpaid breaks and required Plaintiff and Class Plaintiffs work before and after scheduled paid shifts without additional compensation. Plaintiff further contends Defendant required employees clock out for short breaks of less than twenty minutes, thus unlawfully not paying them for working time. Accordingly, Plaintiff contends that Plaintiff and the Class are owed unpaid wages and overtime compensation which were denied to them as a result of Defendants' unlawful pay practices.

3.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

5.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it is an action arising under the laws of the United States.

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

7.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, do business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

8.     Plaintiff Mary Anderson-Chico is a citizen of the United States and Pennsylvania and currently resides at 2209 Faunce Street, Philadelphia, PA 19152.

9.     Upon information and belief, Defendant Cerida is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and corporate office address registered with the Pennsylvania Secretary of State located at 2325 Maryland Road, Suite 210, Willow Grove, PA 19090.

10.     Additionally, upon information and belief, Defendant Cerida maintains a principal place of business and registered office address at 3930 Commerce Ave, Willow Grove, PA 19090.

11.     Upon information and belief, Defendant AnswerNet is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and corporate office address registered with the Pennsylvania Secretary of State located at 2325 Maryland Road, Suite 210, Willow Grove, PA 19090.

12.     Additionally, upon information and belief, Defendant AnswerNet has a registered office address and principal place of business located at 3930 Commerce Ave, Willow Grove, PA 19090.

13.     Defendants are "private employers" and covered by the FLSA.

14.    Upon information and belief, Defendants Cerida and AnswerNet share nearly all back-office operations, such as insurance, accounting, information technology, buying, and sales.

15.    Upon information and belief, Defendants share employees (including but not limited to Class Plaintiffs), office space (including but not limited to the addresses: 2325 Maryland Road, Suite 210, Willow Grove, PA 19090 and 3930 Commerce Ave, Willow Grove, PA 19090), equipment, and executive leadership (including, but not limited to Gary Pudles, registered as the President of both Defendant Cerida and Defendant AnswerNet with the Pennsylvania Secretary of State).

16.    Upon information and belief, Defendants collectively assert control over their employees for purposes of hiring, firing, discipline, assigning, directing, and setting and enforcing payroll and other administrative policies.

17.    Upon information and belief, Defendant Cerida owns, operates, and/or exercises significant control over the operations of Defendant AnswerNet.

18.    Therefore, Defendants constitute a joint, integrated, and/or a single employer under the FLSA.

19.    Upon information and belief, Defendants are both covered employers under the FLSA in that, during the course of Plaintiff's employment, they, both individually and collectively, had an annual dollar volume of sale or business done of at least $500,000.00, and had multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

20.    Plaintiff and, upon information and belief, Class Plaintiffs, were/are employees engaged in commerce and employed by Defendants during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. §203(e).

21.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

24.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly-situated persons presently or formerly employed by Defendants at any point during the last three (3) years in the positions of Agent, Caseworker, Supervisor, and/or positions with substantially similar job duties, who were paid on an hourly basis and were denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs" or "the Class").  Plaintiff contends that Plaintiff and Class Plaintiffs were denied regular wages and overtime compensation due to Defendants' policy and practice of failing to accurately track and compensate employees for work they performed before and after their scheduled shifts and during mandatory unpaid break periods as well as due to Defendant unlawfully requiring Plaintiff and Class Plaintiffs clock out for short rest periods or breaks of less than twenty minutes.

25.     Plaintiff estimates there are in excess of forty (40) similarly-situated Agents, Caseworks, and Supervisors who either are working or worked jointly for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked

in excess of forty (40) in a workweek as a result of the unlawful practices described herein. The precise number of similarly situated potential Class Plaintiffs can be easily ascertained by Defendants.  These employees can be identified and located using Defendants' payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

26.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied regular wages and overtime compensation as a result of Defendants' unlawful pay practices and policies detailed herein, had the same or similar job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully below in this Collective and Class Action Complaint, whereby Defendants failed to pay Plaintiff and Class Plaintiffs for all hours worked and at an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have affected Plaintiff and Class Plaintiffs in the same fashion.

27.     Plaintiffs will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

28.     Paragraphs 1 through 27 are hereby incorporated by reference as though the same were fully set forth at length herein.

29.     Plaintiff brings this action on behalf of herself and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the last three (3) years in the positions of Agent, Caseworker, and/or Supervisor, or in positions with substantially similar job duties, who were paid on an hourly basis and were denied compensation for all hours worked and overtime compensation for work performed in excess of forty (40) hours in a workweek.

30.     The members of the Class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

31.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.      Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.      Whether Defendants acted as a joint, integrated, and/or single employer with respect to Plaintiff and Class Plaintiffs.

C.      Whether Defendants failed to pay Plaintiff and the Class wages and overtime compensation owed;

D.      Whether Defendants failed to accurately track and maintain all of the hours worked by Plaintiff and the Class;

E.      Whether Defendants required Plaintiff and the Class to perform work beyond their scheduled shifts and during unpaid break time without compensating Plaintiff and the Class for this work;

F.      Whether the pre- and post-shift work performed by Plaintiff and Class Plaintiffs and work performed during unpaid break time by Plaintiff and Class Plaintiffs is compensable under the PMWA;

G.      Whether Defendants required Plaintiff and the Class to clock out for rest periods or breaks of less than twenty minutes during their regularly scheduled shifts, thus unlawfully failing to compensate them for this time.

H.      Whether Plaintiffs and the Class have suffered and are entitled to damages, and if so, in what amount.

32.     Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is a former employee of Defendants who was employed in the positions of Agent, Caseworker, and Supervisor, who has suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to pay wages and overtime compensation. Defendants' conduct of violating the PWMA has affected Plaintiff and the Class in the same way.

33.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

34.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

35.     Pursuant to Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

8

B.      Defendants, by failing to pay overtime compensation in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

36.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense as if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims.  The presentation of separate actions by individual Class members could substantially impair or impede the ability of the Class to protect their interests.

## FACTUAL BACKGROUND

37.     Paragraphs 1 through 36 are hereby incorporated by reference as though fully set forth at length herein.

38.     In or around February 2021, Plaintiff began working for Defendants in the role(s) of Agent/Caseworker.

9

39.     Defendants set Plaintiff's rate of pay in her role as Agent/Caseworker at approximately twenty dollars per hour ($20.00/h).

40.     Defendants assigned Plaintiff to work on one of their campaigns, which primarily assisted tenant applicants apply for and secure Bucks County Emergency Rental Assistance ("BERA"). By way of further context, BERA is a publicly funded program which provides rental and utility assistance to eligible Bucks County rental tenants impacted by the COVID-19 Pandemic.

41.     Upon information and belief, approximately forty (40) other Class Plaintiffs worked on same campaign as Plaintiff and performed the same or similar work to Plaintiff.

42.     In or around the end of March of 2021, Plaintiff was promoted to the position of Supervisor within the campaign on which she was already working.

43.     In her position as Supervisor, Plaintiff oversaw and assisted approximately forty (40) Agents and/or Caseworkers by drafting, editing, reviewing or otherwise facilitating the preparation of BERA applications.

44.     Upon information and belief, Defendants operated/operates numerous similar campaigns across the country, where other Class Plaintiffs held/hold the same or similar positions to those held by Plaintiff and the Class Plaintiffs and performed/perform similar duties.

45.     Defendants used/use a payment and timekeeping program called "Paycom."

46.     When Plaintiff and Class Plaintiffs were/are "clocked in" to Paycom, their hours were/are tracked, and they were/are paid for the hours tracked.

47.     When Plaintiff and Class Plaintiffs were/are "clocked out" of Paycom, their hours were/are not tracked and they were/are not paid for hours worked but not tracked.

48.     In her capacity as Agent/Caseworker and then as Supervisor, Plaintiff was scheduled to work from 9:00 A.M. to 6:00 P.M., Monday through Friday.

49.     Each day, during her scheduled shift of 9:00 A.M. to 6:00 P.M., Defendants required Plaintiff clock out for sixty (60) minutes for a mandatory unpaid lunch break.

50.     In addition to the aforementioned mandatory unpaid lunch break, each day, during her scheduled shift of 9:00 A.M. to 6:00 P.M., Defendants required Plaintiff clock out twice for two mandatory unpaid breaks of ten (10) minutes in duration.

51.     Upon information and belief, Class Plaintiffs have/had the same schedule and break requirements as Plaintiff in that they were scheduled to work from 9:00 A.M. to 6:00 P.M., Monday through Friday, and each day, during that scheduled shift, they were required to clock out for a sixty (60) minute mandatory unpaid lunch break and also clock out twice more for two mandatory unpaid breaks of ten (10) minutes in duration.

52.     Plaintiff and, upon information and belief, Class Plaintiffs continually and regularly worked/work during the daily sixty (60) minute mandatory lunch break and also during the two daily mandatory unpaid ten (10) minute breaks, despite being required to clock out for these periods.

53.     Upon information and belief, Defendants were/are aware Plaintiff and Class Plaintiffs were/are working during the daily sixty (60) minute mandatory lunch break and during the two daily mandatory unpaid ten (10) minute breaks, yet Defendants still required/require Plaintiff and Class Plaintiffs clock out of Paycom during these periods.

54.     In fact, Defendants monitored/monitor Plaintiff and, upon information and belief, Class Plaintiffs' clocking in/out with acute meticulosity such that Defendants would amend

Plaintiff's and Class Plaintiffs' Paycom data to clock out Plaintiff and Class Plaintiff's for the three daily mandatory breaks if Plaintiff and Class Plaintiffs did not clock out for that time.

55.     Defendants also required/require Plaintiff and, upon information and belief, Class Plaintiffs, to clock out for any short rest period or break they took, including those lasting shorter than twenty (20) minutes in duration.

56.     For example, Defendants required/require Plaintiff and, upon information and belief, Class Plaintiffs to clock out when they used/use the restroom, when they rebooted/reboot their computer, and when they got/get a drink of water.

57.     Defendants communicated their unlawful timekeeping and break policies, i.e., that employees were required to clock out for rest periods shorter than twenty minutes in duration and were required to clock out for a sixty (60) minute lunch break and two (2) ten (10) minute breaks each day even if they worked through those breaks, to Plaintiff and Class Plaintiffs by email and through internal messages.

58.     For example, on or about April 14, 2021, Merlin Fabian ("Ms. Fabian"), a supervisor of Plaintiff and, upon information and belief, of Class Plaintiffs, sent the following internal message to Plaintiff and Class Plaintiffs: "Please Clock out on Paycom when going to ANY break! -So if your[sic] going on schedule breaks… clock out on Paycom as out/In Break. If your[sic] going on schedule lunch… clock out on Paycom as Out/In Lunch. If you have to use Restroom… Clock out on Paycom as Out/In DAY. If you have to reboot computer… Clock out on paycom as Out/In Day or let supervisor know so we can adjust Paycom if unable to clock out. TY."

59.     Ms. Fabian then messaged, "Please Everyone Check off that you have read and understand that this is how you will follow clock outs on breaks from now on!" and at least thirteen Class Plaintiffs checked off the message.

60.     Upon information and belief, Defendants reprimanded Class Plaintiffs who failed to clock out of the Paycom system to take "breaks" shorter than twenty minutes.

61.     For example, on or about April 15, 2021, Plaintiff's supervisor, Joseph Antonini ("Mr. Antonini") instructed Plaintiff to reprimand a member of the Class, Minerva Goodman ("Ms. Goodman") because Ms. Goodman failed to clock out of Paycom when taking a short restroom break.  Regarding Ms. Goodman, Mr. Antonini said, "she shouldn't be on the clock when she is in the bathroom."

62.     Plaintiff objected to Mr. Antonini's instruction, but Mr. Antonini still required Plaintiff fill out a "Corrective Action Form" disciplining Ms. Goodman for failing to clock out while taking a short bathroom break.

63.     Plaintiff then emailed the Corrective Action Form to Ms. Goodman and saved the Corrective Action Form in the company's files under Ms. Goodman's folder.

64.     Furthermore, Plaintiff, in her roles as Agent/Caseworker and Supervisor, and, upon information and belief, Class Plaintiffs, were required to perform work outside of the aforementioned 9:00 A.M. to 6:00 P.M. scheduled shifts.

65.     The work tasks and assignments Plaintiff, in her role(s) as Agent/Caseworker, and, upon information and belief, Class Plaintiffs, performed/perform outside of work include, but are not limited to, answering phone calls, responding to emails, answering questions from rental tenant applicants, providing guidance on applicant's assistance prospects, filling out and processing

applications, answering questions from landlords, reviewing BERA policies, and completing other miscellaneous tasks necessary to file and process BERA applications.

66.     The work tasks and assignments Plaintiff, in her role as Supervisor, and, upon information and belief, Class Plaintiffs, performed/perform outside of work include but are not limited to, reviewing and finalizing agents' newly completed applications, researching BERA policies and procedures, speaking to landlords, speaking to tenant applicants, reviewing documents sent from landlords, answering Agents' and Caseworkers' questions, and responding to Defendants' employee correspondence on Defendants' communication program "Townhall."

67.     Plaintiff and, upon information and belief, Class Plaintiffs performed/perform the aforementioned work assignments and tasks anytime from the hours of 6:00 A.M. to 11:59 P.M.

68.     Accordingly, Plaintiff and, and upon information and belief, Class Plaintiffs often worked/work in excess of forty (40) hours per week.

69.     Throughout the entirety of Plaintiff's employment with Defendant, Defendants did not allow Plaintiff and, upon information and belief, Class Plaintiffs, to log more than forty (40) hours per week on Paycom, despite the fact Plaintiff and Class Plaintiffs were continually and regularly working in excess of forty (40) hours per week.

70.     Because Plaintiff and Class Plaintiffs were only compensated for hours logged in Paycom, Plaintiff and Class Plaintiffs therefore were not compensated for all hours worked, including hours worked in excess of forty (40) hours per week.

71.     By way of example, for the workweeks occurring from March 15, 2021 through April 11, 2021, Plaintiff performed approximately sixty (60) hours of compensable work each workweek, but because of Defendant's unlawful timekeeping policies and practices, was not

compensated for all work performed and was not compensated at a rate of one-and-one-half times her regular rate of pay for all hours worked over forty (40).

72.     Defendants were/are aware that Plaintiff and the Class continually and regularly worked/work more than forty (40) hours per week and that Plaintiff and the Class were/are not compensated for work performed in excess of forty (40) hours per week.

73.     Plaintiff and Class Plaintiffs performed/perform the aforementioned compensable work and services pursuant to the requests of the agents, servants, and employees of Defendants.

74.     By performing the work and services for Defendants, Plaintiffs and Class Plaintiffs conferred/confer a benefit to Defendants.

75.     Despite requesting the aforementioned work and services to be performed and receiving the benefits of said work and services, Defendants failed/fail to compensate Plaintiffs and Class Plaintiffs for all compensable work and services rendered.

76.     Defendants unlawfully failed/fail to track, record and report all the hours worked by Plaintiff and Class Plaintiffs in violation of the FLSA and PMWA.

77.     Upon information and belief, for at least the last three (3) years, Defendants classified/classify Plaintiff and Class Plaintiffs as "non-exempt" form the minimum wage and overtime compensation requirements of the FLSA/PMWA.

78.     Despite this classification, Defendants failed/fail to pay Plaintiff and Class Plaintiffs for all time worked and overtime compensation for the hours worked over forty (40) in a work week.

79.     Plaintiff and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the executive, administrative, professional, or any other exemption(s) under the FLSA and PMWA.

80.     Plaintiff and the Class were/are within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to be paid for every hour worked in a workweek and to be paid overtime compensation for work performed in excess of forty (40) hours in a work week.

81.     As a result of Defendants' aforesaid deliberate, willful, malicious, and unlawful actions, Plaintiffs and the Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, et seq.**
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED AND FAILURE TO PAY**
**OVERTIME COMPENSATION**

82.     Plaintiff incorporates herein by reference paragraphs 1 through 81 as though same were fully set forth at length herein.

83.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

84.     Under Section 207(a)(1) of the FLSA, employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

85.     Per Section 785.18 of the Department of Labor, U.S. Wage and Hour Division, Regulations, "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  They must be counted as hours worked." 29 CFR § 785.18.

86.     Additionally, the Third Circuit Court of Appeals has held that the Fair Labor Standards Act requires employers who choose to provide employees breaks of five to twenty

minutes must compensate employees for such breaks as hours worked. See Sec'y United States Dept. of Lab. v. Am. Future Sys., 873 F.3d 420, (3d. Cir. 2017).

87.     According to the policies and practices of Defendants, Plaintiff and Class Plaintiffs were/are required to work in excess of forty (40) hours per week yet were/are barred from recording time worked beyond forty (40) hours per week.  Despite working in excess of forty (40) hours per week, Plaintiffs and Class Plaintiffs were/are denied overtime compensation for compensable work performed in excess of forty (40) hours per week, in violation of the FLSA.

88.     According the policies and practices of Defendant, Plaintiff and Class Plaintiffs were/are required to work before and after their regularly scheduled shifts, resulting in the unlawful non-payment of regular and overtime wages owed to Plaintiff and Class Plaintiffs, in violation of the FLSA.

89.     According to the policies and practices of Defendants, Plaintiff and Class Plaintiffs were/are not compensated for rest periods or breaks lasting shorter than twenty minutes in duration, resulting in the unlawful non-payment of regular and overtime wages owed to Plaintiff and Class Plaintiffs, in violation of the FLSA.

90.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

91.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

92.     Defendants are liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216 (b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the preceding three (3) years as a Supervisor and/or Caseworker and/or Agent and/or those in positions with similar job duties, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid compensation and/or overtime pay as required by the FLSA;

C.      Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff and Class Plaintiffs for compensable hours in excess of forty (40) hours per week and for all hours worked;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.      Awarding pre and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333 *et seq.*
## FAILURE TO PAY WAGES FOR ALL HOURS WORKED AND FAILURE TO PAY OVERTIME COMPENSATION

93.      Paragraphs 1 through 92 are hereby incorporated by reference as though same were fully set forth at length herein.

94.      The PMWA provides that employers must pay employees "wages for all hours worked[.]" 43 P.S. § 333.104(a).

95.      Additionally, the PMWA provides, "Employe[e]s shall be paid for overtime not less than one and one-half times the employ[e]e's regular rate" for hours worked in excess of forty (40) hours in a workweek. 43 P.S. § 333.104.

96.      By the actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act by failing to properly compensate Plaintiff and Class Plaintiffs.

97.      As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of regular compensation and overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees

pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.112 and § 333.113.

**WHEREFORE**, Plaintiff, on behalf of themselves and the Class Plaintiffs, pray for judgment against Defendants as follows:

A.      An Order certifying this case as a class action and designating Plaintiff as the representatives of the Class and their counsel as class counsel;

B.      An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     */s/ Michael Murphy, Esq.*

Michael Murphy, Esq.
Jake Daniel Novelli, Esq.
1628 John F. Kennedy Blvd, Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
jnovelli@phillyemploymentlawyer.com

Dated: July 14, 2022                    *Attorneys for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to their potential claims and their claims to damages, to any defenses to the same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.